DLD-056                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3832
_____

EUGENE E. CHATMAN,
                                        Appellant

v.

THE CITY OF PITTSBURGH PA; OFFICER HIROS; OFFICER FREEMAN;
LEGACY APARTMENTS; MCCORMACK BARON RAGAN; MELANIE BROWN,
The Property Manager
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00638)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2011

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed December 5, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Eugene Chatman appeals the District Court's order dismissing his

complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  We have

jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Santiago v. Warminster Twp., 629 F.3d 121, 128 & n.4 (3d Cir. 2010). For the reasons discussed below, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On May 13, 2011, Chatman filed a handwritten pro se complaint along with a motion to proceed in forma pauperis. The District Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e). On appeal, we agreed with the District Court that Chatman had failed to state a claim on which relief could be granted, but held that the Court should have provided Chatman with an opportunity to amend the complaint. We therefore vacated the District Court's order dismissing the case and remanded for further proceedings.

On remand, Chatman filed an amended complaint. The amended complaint, like the initial complaint, is exceedingly terse. The defendants filed a motion to dismiss, which the District Court granted. Chatman then filed a timely notice of appeal to this Court.

We agree with the District Court's disposition of this case. As we explained when the case was last before us, to avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8].'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008)

2

(quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Here, as the District Court held, Chatman's complaint fails to satisfy these standards.  Chatman has merely listed, in summary fashion, interactions that he has had with the building manager, his neighbors, and police officers.  However, he has not explained how any of these interactions violated his federal rights or identified any causes of action.  His vague assertions are simply insufficient to state a legally cognizable claim.  See generally Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (explaining that a complaint may be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)).

We will thus summarily affirm the District Court's judgment.